IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONSOLIDATED INFRASTRUCTURE GROUP, INC., ERIC MOODY, ZACK MANTEY, BRIAN HANNA, TRAVIS DANIELS, BRENT COFFIELD, and TOM ORTH,<br><br>Plaintiffs,<br><br>vs.<br><br>USIC, LLC, USIC LOCATING SERVICES, LLC, and LOCATE HOLDINGS, INC.,<br><br>Defendants. | 8:16CV472<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' motion for leave to drop parties, Filing No. 35, and motion for leave to amend complaint, Filing No. 37, and motion to reconsider the court's earlier order, Filing No. 39. This is a declaratory judgment action involving alleged misappropriation of trade secrets and restrictive covenants.

The court will first address the motion to reconsider because resolution of that motion is dispositive of the other two motions. In an order dated May 18, 2017, this court granted the defendants' motion to transfer and ordered this dispute to be transferred to the Southern District of Indiana. Filing No. 31, Memorandum and Order. The court found the first-filed rule was of limited applicability and that transfer was appropriate because of a forum-selection clause. *Id.* The court stayed the transfer pending the disposition of the pending motions. Filing No. 41, Text Order. Once the case is transferred, this court will lack jurisdiction to take any further actions in this

matter, including granting leave to amend the pleadings. See In re *Nine Mile Ltd.*, 673 F.2d 242, 243–44 (8th Cir. 1982).

The plaintiffs argue that the court should defer to their choice of forum and that the "private interest factors" weigh in their favor. They also argue that their request for injunctive relief should offset the red flags indicating "compelling circumstances" to justify an exception to the first-filed rule. Further, they argue that if they are allowed to amend their pleadings to drop parties and claims, a change of venue is no longer warranted.

A "motion to reconsider" is not authorized by the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60 (b) (relief from judgment for mistake or other reason)." *Id.* "Courts generally view any motion which seeks a substantive change in the judgment as a Rule 59(e) motion if it is made within ten days of the entry of the judgment." *Omaha Indian Tribe v. Tract I—Blackbird Bend Area*, 933 F.2d 1462, 1467 n.3 (8th Cir. 1991). However, Rule 59(e) motions are motions to alter or amend a *judgment*, not a nonfinal order. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis added); see also *Elder-Keep v. Aksamit*, 460 F.3d 979, 984–85 (8th Cir. 2006). "By its terms, only Rule 60(b) encompasses a motion filed in response to an order" and a motion to reconsider a nonfinal order is properly viewed under Federal Rule of Civil Procedure 60(b). *Id.*

Motions to reconsider a nonfinal order should be "'granted only in exceptional circumstances requiring extraordinary relief.'" *Nelson v. Am. Home Assur. Co.*, 702

F.3d 1038, 1043 (8th Cir. 2012) (quoting *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006)).  Such motions "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  Rule 60(b) "authorizes relief based on certain enumerated circumstances . . . . It is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990.

The court finds the plaintiffs, for the most part, merely reargue their earlier position.  The plaintiffs have not presented newly discovered evidence or shown any manifest errors of law.  The core of the action is a challenge to restrictive covenants in employment agreements with a forum-selection clause.  The plaintiffs' tactical decisions to seek leave to drop parties and claims could have been pursued before the court ruled on the defendants' motion to dismiss or transfer.  They have not propounded any reason for failing to do so. Because the plaintiffs have not presented any exceptional circumstances to support the granting of their motion to reconsider, the court finds the motion should be denied and the stay of the transfer order should be lifted.

The court is without jurisdiction to address the other motions.  The court notes, however, that the plaintiffs' proposed amendments would not ensure a different result as to venue because the defendants would likely file counterclaims and/or implead the dismissed plaintiffs.  The court sees no reason to disturb its earlier ruling that Indiana, not Nebraska, is the proper forum for this action.  Accordingly,

IT IS ORDERED:

1. The plaintiffs' motion to reconsider (Filing No. 39) is denied.

3

2.	The court does not have jurisdiction over the plaintiffs' motions for leave to dismiss parties and for leave to file an amended complaint ([Filing No. 35](Filing No. 35) and [Filing No. 37](Filing No. 37)).

3.	The stay of transfer is lifted.

Dated this 3rd day of July, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge